DAVIES & DANIELS COMPANY, Respondents, v. McKILLIP
et al., Appellants.

(165 N. W. 380.)

(File No. 4230.   Opinion filed December 13, 1917.)

1.   Appeals—Error—Suit on Note—Alteration Shown by Defendants'
     Testimony—Note in Evidence—Defendants' Subsequent Evi-
     dence Rendering Note Competent Evidence—Harmless Error.

     Where in a suit upon a note, defendants as adverse wit-
     nesses for plaintiff testified to the note's signatures, and to the
     fact that it had been materially altered after execution, the note
     being received in evidence over objection without further testi-
     mony, whereupon plaintiff rested, and defendants afterwards
     introduced evidence rendering the note competent to go before
     the jury, held, that while such an error would have been preju-
     dicial if defense also had rested and a verdict for plaintiff
     were rendered accordingly, such error became non-prejudicial
     through introduction of further evidence.

2.   Trials—Evidence—Objection As "Irrelevant and Immaterial,"
     Futility of—Pleading.

     Where evidence was objected to as "irrelevant and immaterial
     and not rebuttal," the evidence being clearly rebuttal, held,
     that were it conceded that, under the reply interposed, such
     evidence was irrelevant and immaterial, yet the mere objec-
     tion that it was "irrelevant and immaterial," without calling
     court's attention to reasons why it was so considered, was
     insufficient on which to base claim of error; it being apparent
     that the reply could properly have been so amended, if need be,
     as to avoid objection had it been specific.

3.   Trials—Burden of Proof—No Instruction—Agreement for Open-
     ing and Closing Argument, Effect—Harmless Error.

     In ruling upon an assignment of error involving trial court's
     instructions, which instructions did not refer to question as to
     which party had burden of proof, but settled record showing
     that at close of evidence defendant requested the right to open
     and close argument because she had the burden of proof, which
     was agreed to by the court, and defendant took the opening
     and closing argument, against plaintiff's overruled objection,
     held, that, defendant having assumed that the burden of proof
     was on her, she is in no position on appeal to complain that
     the court did not instruct jury that burden was on plaintiff,
     even though as a matter of law the burden was upon him;
     since, if trial court had proceeded erroneously on the contrary
     theory, defendant-appellant should have seen to it that settled
     record disclosed that she excepted to theory that burden was on
     her, but that, inasmuch as court had so ruled she, for that

reason, asked for opening and closing; it appearing in settled record that trial court merely adopted appellant's views.

4. **Appeals—Error—Review—Supreme Court, Presumption of Re Correctness of Record.**

The supreme court will take settled record as a correct record of trial proceedings.

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by the Davis & Daniels Company, a corporation, against Eliabeth I. McKillip and Ida M. Warren, formerly Ida M. McKillip, to recover on a promissory note. From a judgment for plaintiff against the last named defendant, and from an order denying a new trial, she appeals. Affirmed.

*H. G. Giddings,* for Appellant.

*Charles F. Tym,* for Respondent.

(2) To point two of the opinion, Respondent cited: 4 Corpus Juris. 710; Speer v. Phillips et al, 123 N. W. 722.

WHITING, J.   Action to recover on a promissory note. Judgment for plaintiff against one defendant, who has appealed.

[1] The plaintiff called both defendants as adverse witnesses, and proved the signatures to the note. As part of their testimony while so testifying for plaintiff these witnesses testified to the fact that the note had been materially altered after its execution. Without further testimony the note was received in evidence over objection. This ruling was erroneous, and, as plaintiff rested its case without further evidence, such error would have been prejudical if the defense had also rested, and, upon such note wrongfully admitted, a verdict had been rendered in favor of plaintiff. But defendants did not rest their case, and afterwards evidence was received that rendered the note competent to go before the jury, and the error became nonprejudicial.

[2] Appellant also assigns as error the ruling of the court admitting certain evidence over the objection that it was "irrelevant and immaterial, and not rebuttal." The evidence received over this objection was clearly proper rebuttal. If it were to be conceded that, under the reply interposed, such evidence was irrelevant and immaterial to the issues raised, yet the mere objection that it was "irrelevant and immaterial" without calling the attention of the court to the reasons why it was considered

35—Vol. 39, S. D.

irrelevant and immaterial was insufficient upon. which to base a claim of error; it being apparent that the reply could properly have been so amended, if need be, as to avoid the grounds of the objection if it had been specific. Merrill v. M. & St. L. Ry. Co., 27 S. D. 1, 129 N. W. 468.

[3] The only assignment of error really presenting any question of merit is one assigning as erroneous the instructions given by the trial court. The court instructed the jury that, if it found, the alteration was made with the consent of appellant, it should return a verdict in plaintiff's favor, while if it found that the alteration was made without the consent of appellant, it should return a verdict in appellant's favor; and the court wholly failed to instruct as to which party had the burden of proof. No instruction as to burden of proof was requested by either party; but we are not called upon to decide as to the necessity of a request for an instruction, for the reason that it appears from the settled record that:

"At the close of the evidence and before argument, counsel for defendant stated to the court in substance that he thought defendant was entitled to the opening and closing argument on account of he having the burden of proof, which was agreed to by the court and defendant took the opening and, closing argument"

—and for the reason that it appears that plaintiff objected to appellant's having the opening and closing argument, which objection was overruled. Having taken the position that the burden of proof was on her, appellant is in no position to complain that the court did not instruct the jury that the burden was upon plaintiff, even though, as a matter of law, the burden was upon plaintiff.

[4] Appellant insists that she should not be bound by her request made to the court, which request was based upon the theory that she had the burden of proof, because appellant contends that, through the rulings of the court, the trial had proceeded upon that theory but against objections raised by appellant. The record does not bear out such contention. If the trial was conducted on the theory that the burden of proof was on appellant when in fact it was on plaintiff, and appellant desired to claim error because of such fact, she should have seen to it that the

settled record disclosed that she excepted to the theory that the burden was upon her, but that, inasmuch as the court had so ruled, she, for that reason, asked for the opening and the closing. This court must take the record as settled in the lower court to be a correct record of the proceedings. According to such record, the trial court merely adopted appellant's views.

The judgment and order appealed from are affirmed.